**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JANICE L. SCHRADER,

    Plaintiff,

  v.                                                                               No. CV 10-1219 JB/CG

WILLIAM 'BILL' RICHARDSON, *et al.*

    Defendants.

**ORDER CONVERTING MOTION TO DISMISS**

**THIS MATTER** comes before the Court on Defendants' *Motion to Dismiss*, (Doc. 17), *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, (Doc. 23), and Defendants' *Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, (Doc. 28). The Court, having considered the parties' filings, the relevant law, and otherwise being fully advised in the premises, **FINDS** that Defendants' Motion should be converted to a motion for summary judgment.

Defendants move to dismiss Plaintiff's Complaint under a number of different theories. Defendants argue that Plaintiff's claim is barred by the doctrine of *res judicata*, that the Complaint is barred by the statute of limitations, that the Defendants are entitled to immunity under the Eleventh Amendment, and that the Defendants are immune under the New Mexico Tort Claims Act. (Doc. 17 at 1). Defendants have submitted materials outside of the pleadings to support their Motion.[1] When evaluating a motion to dismiss, this

---

[1] For example, in their motion to dismiss, Defendants have attached a copy of a Memorandum Opinion and Order written by United States District Judge William P. Johnson dismissing Plaintiff's complaint against several of the defendants named in this current lawsuit. (Doc. 17-1). Additionally, Defendants have attached a copy of the Order and Judgment from the Tenth Circuit affirming Judge Johnson's Memorandum Opinion and Order. (Doc. 28-1).

Court may not consider any pleadings or information outside of the complaint. *See* FED. R. CIV. P. 12(b)(6); *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998). When additional materials are appended to a motion to dismiss, a court should convert the motion to dismiss into a motion for summary judgment and afford all parties notice of the conversion so that they might submit materials in accordance with Rule 56 of the Federal Rules of Civil Procedure. *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir.1996).

      **IT IS THEREFORE ORDERED** that the parties are hereby given formal notice that the motion to dismiss is converted to a motion to summary judgment. The parties are permitted thirty (30) days from the date of this order to submit supplementary materials.

 

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE