**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JANICE L. SCHRADER,

    Plaintiff,

  v.                                                                          No. CV 10-1219 JB/CG

WILLIAM 'BILL' RICHARDSON, *et al.*

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Plaintiff Janice L. Schrader's *Complaint for Damages for Violation of Constitutional Rights and Request for Declaratory and Injunctive Relief*, ('Complaint) (Doc. 1), and Defendants' *Motion to Dismiss*, ('Motion') (Doc. 17), Plaintiff's *Response in Opposition to Defendants' Motion to Dismiss*, ('Response') ('Doc. 23), and Defendants' *Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, ('Reply') (Doc. 28). Ms. Schrader's Complaint alleges that a default judgment was entered against her in the Luna County Magistrate Court in New Mexico in violation of her federal constitutional rights. (Doc. 1 at 5-6). Ms. Schrader has brought this action against the former governor of New Mexico, the New Mexico Administrative Office of the Courts, and several New Mexico judiciary employees. (*Id.* at 2-5). Schrader seeks declaratory, injunctive, and monetary relief. (*Id.* at 10-12). Defendants, in lieu of an answer, filed a motion to dismiss in which they claim that Plaintiff's Complaint is barred, *inter alia*, by the statute of limitations, the doctrine of Res Judicata, and the immunity provided by both the Eleventh Amendment and the New Mexico Tort Claims Act ("NMTCA"). (*Id.* at 1-5). This Court subsequently converted Defendants' Motion into a motion for summary judgment

because Defendants cited to judicial opinions entered by United States District Judge William Johnson and the Tenth Circuit which addressed similar claims brought by Schrader in an earlier action. (Doc. 33). The Motion is now ready for resolution. The Court, having considered the parties' filings, the relevant law, and otherwise being fully advised in the matter, **FINDS** that Defendants' motion should be **GRANTED** and that Ms. Schrader's complaint should be **DISMISSED WITH PREJUDICE**.

I.      **Background**

As will be discussed below, this is not the first federal lawsuit that Plaintiff has filed concerning the default judgment entered against her in the Luna County Magistrate Court. In 2008 Ms. Schrader filed a Complaint in the United States District Court against several of the same named defendants in this action – including the State of New Mexico, Priscilla Pena, Sara Jasso, Debbie Almanza, and Hilda Giron. (*See* Civ. 08-1173 WJ/RHS, Doc. 1) ("*Schrader I*"). The facts of this case are gleaned from both Ms. Schrader's current Complaint and the filings in *Schrader I.*

In September of 2007, Gilbert Allen filed suit against Ms. Schrader in order to regain possession of a house that Ms. Schrader was renting in Columbus, New Mexico. (*Schrader I*, Doc. 3, Ex. A at 1, Ex. B at 1, Ex. G at 1). A trial was set for September 25, 2007, but Ms. Schrader was not properly served with a copy of the summons and she did not file an answer or appear at the trial. (*Schrader I*, Doc. 3, Ex. I; Doc. 1, Ex. 1). A default judgment was entered against Ms. Schrader on September 25 and a writ of restitution was issued to the local sheriff. (Doc.1, Ex. 1). Ms. Schrader was served with the trial summons on September 28, 2007– three days after the default judgment had been entered against her – and she filed a motion to set aside the judgment several days later. (*Schrader I*, Doc. 3,

Ex. E). A hearing on Ms. Schrader's motion was set for October 15, 2007, but in the interim Ms. Schrader appealed the default judgment to the New Mexico District Court on October 5, 2007. (*Schrader I*, Doc. 3, Ex. H). The appeal divested the Magistrate Court of jurisdiction to consider Ms. Schrader's motion. *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231,241-43 (1992); *State v. McLaugherty*, 141 N.M. 468, 475-76 (Ct. App. 2007).

Shortly after Ms. Schrader appealed to the District Court, Gilbert Allen's counsel filed a motion to quash the appeal. (Doc. 1, Ex. 3 at 2). Allen's counsel stated that "[j]udgment was set aside in the aforementioned cause because the Defendant was not served Notice of Hearing in a timely manner. The Appeal filed by Janice Schrader should be quashed because no Judgment has been entered in the cause she is appealing." *(Id.*). On December 5, 2007, despite the fact that the Magistrate Court docket sheet did not reflect that the default judgment was set aside, District Judge Daniel Viramontes dismissed Schrader's appeal and remanded the case to the Magistrate Court, stating that "[a] judgment was never entered against her." (*Schrader I*, Doc. 3, Ex. V).

Rather than return to Luna County Magistrate Court, Ms. Schrader begin to appeal Judge Viramontes' remand order. Ms. Schrader's appeals were denied by the New Mexico Court of Appeals and both the New Mexico Supreme Court and United States Supreme Court rejected her petitions for writs of certiorari without comment. (*See* Ex. A, B, C, D, attached to the Proposed Findings and Recommended Disposition); *Allen v. Schrader*, 143 N.M. 681 (2008); *Allen v. Schrader,* 144 N.M. 48 (2008); *Schrader v. Allen*, 129 S.Ct. 58 (2008); *Schrader v. Allen*, 129 S.Ct. 591 (2008). To date, the Luna County Magistrate Court

has not addressed Ms. Schrader's motion to vacate the default judgment.[1]

Following the United States Supreme Court's denial of Ms. Schrader's petition for a writ of certiorari and her motion for rehearing, Ms. Schrader brought suit in the District of New Mexico against the State of New Mexico and several court employees involved in her state case. (*Schrader I*, Doc. 3). Defendants Pena and Jasso were both employed in the Luna County Magistrate Court, while Almanza and Giron were employees of the Sixth Judicial District Court. (Doc. 1 at 3-4). Ms. Schrader argued that the defendants had, among other things, failed to serve her with a timely notice of trial, had "participated in" the entry of the default judgment, and had failed to inform District Judge Viramontes of the procedural posture of her case. (*Id.* at 5). She further claimed that the State of New Mexico was liable for its failure to "adequately monitor and supervise" the relevant court employees. (*Id.* at 6).

Judge Johnson dismissed Ms. Schrader's 2008 case because she lacked standing to sue and because the defendants enjoyed sovereign immunity under the Eleventh Amendment and quasi-judicial immunity. (*Schrader I*, Doc. 41 at 9-12). The Tenth Circuit found that Ms. Schrader did have standing to sue, but ultimately affirmed Judge Johnson's ruling since all of the defendants were immune to suit. *Schrader v. New Mexico*, 361 F.App'x 971, 973-74 (10th Cir. 2010)

---

[1] *See* http://www2.nmcourts.gov/caselookup/app. (Click on "Case Number Search" hyperlink and Type M-34-CV-200700161 into "Full Case Number"). The "Register of Actions Activity" heading indicates that the last event in the case was the October 15 hearing on the motion to set aside the default judgment. Ms. Schrader states that she went to the Magistrate Court for the October 15 hearing and that the Magistrate did not hear the case. (*See* Ms. Schrader's petition for writ of certiorari to the New Mexico Supreme Court, attached to the Proposed Findings and Recommended Disposition, Ex. D at 3).

4

On December 20, 2010, Ms. Schrader filed the instant suit. Ms. Schrader has sued the same individual defendants named in *Schrader I*, and she has included several new defendants as well. (Doc. 1 at 2-4). The new defendants are Richard 'Bill' Richardson, the former governor of New Mexico, Arthur Pepin, the director of the New Mexico Administrative Office of the Courts, and Karen Janes, the division director of the New Mexico Magistrate Courts. (*Id.*). The defendants have been sued in their individual capacity for money damages under § 1983, and in their official capacity for injunctive and declaratory relief under § 1983. (*Id.* at 2-4, 8-11). The defendants have also been sued under the NMTCA for money damages. (*Id.* at 2-4). Ms. Schrader has also sued the New Mexico Administrative Office of the Courts, an administrative subdivision of the State of New Mexico. (*Id.* at 2).

Ms. Schrader, who is an African-American woman, alleges that Defendants Jasso, Pena, Almanza and Giron's participation in the entry of the default judgment was motivated by racial animus. (*Id.* at 6). Specifically, she alleges that Richardson, Pepin and Janes should have realized that court employees in both the Magistrate and District Court were targeting African-Americans for "unconstitutional and illegal default judgments." (*Id.* at 7). She claims that the Defendants' actions violated her right to due process and equal protection under the Fourteenth Amendment. (*Id.* at 7-8).

Defendants argue that Ms. Schrader's Complaint must be dismissed for a variety of reasons. They assert that her claims are barred by the statute of limitations, the doctrines of collateral estoppel and/or res judicata, that Defendants are protected by Eleventh Amendment immunity, and that they are immune to suit under the NMTCA. (Doc. 17 at 2-5; Doc. 28 at 2-4).

5

**II.     Standard of Review**

Summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact[.]" FED.R.CIV. P. 56(c)(2). The party moving for summary judgment has the initial burden of establishing, through admissible evidence in the form of depositions, answers to interrogatories, admissions, affidavits or documentary evidence, that there is an absence of evidence to support the opposing party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If this burden is met, the party opposing summary judgment must present specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Affidavits or other evidence offered by the nonmoving party must create a genuine issue for trial; viewing the evidence in the light most favorable to the nonmoving party. Although all facts are construed in favor of the nonmoving party, it is still Plaintiff's responsibility to "'go beyond the pleadings' and 'designate specific facts' so as to 'make a showing sufficient to establish the existence of an element essential to [his] case' in order to survive summary judgment." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (quoting *Celotex,* 477 U.S. at 322).

Furthermore, the Court liberally construes Ms. Richardson's filings since she is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, a *pro se* non-moving party must still "identify specific facts that show the existence of a genuine issue of material fact." *Munoz v. St. Mary-Corwin Hospital,* 221F.3d 1160,1164 (10th Cir. 2000). Conclusory allegations are insufficient to establish an issue of fact that would defeat the motion.

**III.     Analysis**

    **i.     Statute of Limitations**

Defendants contend that the statute of limitations has passed on both Ms. Schrader's § 1983 and NMTCA claims. (Doc. 17 at 3). Defendants correctly assert that the statute of limitations is three years for § 1983 claims and two years for NMTCA claims. (*Id.*). Because the default judgment was entered against Schrader on September 25, 2007, Defendants argue that her current suit - which was filed on December 20, 2010, is untimely. (*Id.*). Ms. Schrader responds that her § 1983 claims are timely because the statute of limitations did not begin to run until she had fully appealed her case to the United States Supreme Court. (Doc. 23 at 6). Ms. Schrader appears to concede that her NMTCA claims are barred by the statute of limitations since her response focuses solely on her § 1983 claims. (*Id.* at 4 ("The statute of limitations in New Mexico for a 42 U.S.C. § 1983 claim based on NMSA 1978 § 37-1-8 has not expired for the Plaintiff's *Complaint*.")). Ms. Schrader does not claim that the statute of limitations should have been tolled. For the reasons described below, the Court finds that Ms. Schrader's claims are barred by the statute of limitations. Because the Court finds that the Ms. Schrader's claims are untimely, the Court need not address the defenses based on res judicata, sovereign immunity, and waiver of immunity under the NMTCA.

    **a.     Schrader's § 1983 Claims**

Pursuant to New Mexico law, the time limit for a § 1983 action brought in federal court is three years. *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000) (applying N.M.S.A. 1978 § 37-1-8). While the actual time limit for § 1983 claims is determined by state law, federal law determines when the § 1983 action accrued. *Smith*, 222 F.3d at

1222. The Tenth Circuit has held that § 1983 actions accrue "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Johnson v. Johnson County Com'n Bd*, 925 F.2d 1299, 1301 (10th Cir. 1991). Ms. Schrader contends that the statute of limitations did not begin to run until the Supreme Court had denied certiorari on her final motion for rehearing. (Doc. 23 at 6 (detailing her numerous appeals of Judge Viramontes' remand order and stating that "[t]he time to toll the statute of limitations begins the day the United States Supreme Court denied the Plaintiff's petition for rehearing of an order denying a petition for a writ of certiorari.")). She claims that "[t]he first legal date that the Luna County, New Mexico Magistrate Court could disclose the Default judgment to the Credit Reporting Agencies, to the Plaintiff's insurance companies and potential employers would be after all the appeals had expired . . . [when] the United States Supreme Court denied the Plaintiff's petition for rehearing . . .". (*Id.* at 6-7). Ms. Schrader has cited no legal authority to support this position. The Court is unpersuaded.

      The crux of Ms. Schrader's case is that a default judgment was improperly entered against her and that this default judgment was not merely a result of negligence, but that it was racially motivated. (Doc. 1 at 6 ("Jasso, Pena, Almanza and Giron involvement in the Default Judgment was racially motivate, at least in part, in that Schrader an African-American/Black. Their actions had a racially discriminatory effect, in that Schrader was the subject of an unconstitutional and illegal Default Judgment because she is African-American/Black.")). Ms. Schrader became aware of the improper default judgment no later than October 1, 2007, when she filed a motion to set aside the default judgment in the Luna County Magistrate Court. (Doc. 23 at 5). At that point Ms. Schrader had suffered a cognizable harm, since it is well established that a judgment entered without notice or

service violates the Due Process Clause. *See, e.g.*, *Armstrong v. Manzo*, 380 U.S. 545 (1965); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). Ms. Schrader became aware of the purportedly improper conduct by the District Court Defendants when Judge Viramontes incorrectly stated that no default judgment had been entered and remanded the case to the Magistrate Court on December 5, 2007. (*Schrader I*, Doc. 41 at 10). The actions by both the Magistrate Court and District Court Defendants occurred more than three years prior to the filing of the instant suit.

While Ms. Schrader contends that the default judgment has harmed her financially and that this harm did not become final until after the Supreme Court denied her motion for rehearing, those financial injuries flow from the initial harm - the entry of the default judgment itself. The Tenth Circuit has noted that "[t]he statute of limitations begins to run when the first injury, however slight, occurs, even though that injury may later become great or different." *Martinez v. King*, No. 92-2294, 1993 WL 118846 at *2 (10th Cir. April 25, 1993) (quoting *Free v. Granger*, 887 F.2d 1552, 1555-56 (11th Cir. 1989)). Ms. Schrader had argued that the default judgment was in violation of her constitutional rights long before the Supreme Court denied her petition for rehearing. (*See, e.g.*, Ex. D at 8, Schrader's application for a writ of certiorari to the New Mexico Supreme Court, "Defendant is a Black Woman Pro Se and these actions have deprived the Defendant of her civil rights guaranteed by the United States Constitution.")). For those reasons, the Court finds that Ms. Schrader knew that she had a cause of action against the Magistrate Court Defendants no later than October 1, 2007, and no later than December 5, 2007, for the District Court Defendants. The Court therefore recommends that Ms. Schrader's § 1983 claims be dismissed with prejudice.

### b. Schrader's NMTCA Claims

Claims brought under the NMTCA must be brought within two years of the applicable injury giving rise to the suit. N.M.S.A. 1978 § 41-4-15. As stated by the New Mexico Supreme Court, the statute of limitations begins to run "when he or she understands the nature of his or her injury, that is, when the plaintiff knows or with reasonable diligence should have known of the injury and its cause." *Maestas v. Zager*, 141 N.M. 154, 161 (2007). The Supreme Court has further held that "[i]t is not required that all the damages resulting from the negligent act be known before the statute of limitations begins to run." *Id.* (quoting *Bolden v. Village of Corrales*, 111 N.M. 721, 722 (N.M.Ct.App. 1990)). Just as with the § 1983 claims, the statute of limitations on Schrader's NMTCA claims began to run in 2007. Ms. Schrader's Complaint, which was filed in December of 2010, is untimely. Even if the Court accepted Ms. Schrader's contention that the statute of limitations did not begin to run until the United States Supreme Court had denied her motion for rehearing - which the Court does not - Schrader's NMTCA claims would still be untimely. The Supreme Court denied Schrader's motion for rehearing on November 10, 2008. *Schrader v. Allen*, 129 S.Ct. 591 (2008). Ms. Schrader filed her complaint on December 20, 2010, more than two years after the Supreme Court denied her petition. The Court therefore recommends that Schrader's NMTCA claims be dismissed with prejudice.

### IV. Motion to Disqualify and Objection to Order of Reference

Ms. Schrader has objected to the order entered by United States District Judge James O. Browning referring her case to this Court for Proposed Findings and a Recommended Disposition. (Doc. 10 at 1-2; Doc. 34 at 1-2, 4). Ms. Schrader has also moved to disqualify Defendant's attorney Sean Olivas. (Doc. 25). The Court will address

both objections separately.

### i.     Objection to Order of Reference

Ms. Schrader's objection to Judge Browning's order of reference is premised on the withdrawal of administrative order no. 94-143 by United States District Judge Martha Vazquéz, the former chief judge of the District of New Mexico. (Doc. 10 at 1-2).[2] Administrative order no. 94-143, which was withdrawn by Judge Vazquéz in January of 2009, stated that

> Pursuant to 28 U.S.C. § 636(b)(1)(B), and Virginia Beach Federal Savings & Loan [Ass'n] v. Wood, 901 F.2d 849 (10th Cir. 1990), all bankruptcy appeals, social security appeals, and prisoner cases may be referred to the Magistrate Judges to . . . perform any legal analysis required to recommend to the Court an ultimate disposition of the case.

*Id.* Ms. Schrader contends that, following the withdrawal of the order, Judge Browning no longer had the authority to refer her case to this Court. Ms. Schrader's argument is unavailing.

The Court notes that the withdrawn order refers solely to bankruptcy appeals, social security appeals, and prisoner cases – none of which cover Ms. Schrader's Complaint. Additionally, District Courts generally have wide discretion in interpreting, applying, and determining the requirements of their own local rules and orders. *United States v. Gray*, 876 F.2d 1411, 1414 (9th Cir. 1989).  More importantly, Judge Browning's authority to refer this case is found at 28 U.S.C. § 636(b)(1)(B), which permits a District Judge to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by

---

[2] United States District Judge Bruce Black is the current chief judge of the District of New Mexico.

a judge of the court, of any motion excepted in subparagraph (A) [of 28 U.S.C. 636(b)(1)] . . ." 28 U.S.C. § 636(b)(1)(B). The motions excepted under subparagraph (A) include "a motion for injunctive relief, for judgment on the pleadings, for summary judgment . . . to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action . . ." 28 U.S.C. § 636(b)(1)(A). Judge Browning was therefore entitled to refer the case to this Court. See, e.g., *Clark v. Poulton*, 963 F.2d 1361, 1363-66 (10th Cir. 1992). The Court recommends that Ms. Schrader's objection be denied.

### ii. **Motion to Disqualify**

Ms. Schrader has moved to disqualify Sean Olivas, the Defendants' attorney. (Doc. 25).[3] As grounds for the motion Ms. Schrader states that the law firm of Keleher & McLeod – where Mr. Olivas is an employee and a shareholder – made a $2,500 contribution to Gary King in his successful bid for re-election as attorney general for the State of New Mexico in 2009. (Id. at 1-2). Ms. Schrader further states that Governor Richardson's administration was suspected of improper "pay-to-play" arrangements with regard to the tendering of state contracts including, presumably, the Attorney General's outsourcing of legal work to the firm of Keleher & McLeod. (Doc. 25 at 1-2; Doc. 31 at 2). Ms. Schrader refers to the Keleher firm as a "political all[y]" of Mr. Richardson's and she claims that the firm received no-bid contracts as a result of its political contributions. (Doc. 31 at 2). Ms. Schrader believes that these contacts between the Richardson administration and the Keleher firm constitute a conflict of interest and that Mr. Olivas' continued representation of the Defendants violates the New Mexico Rules of Professional Conduct. Mr. Olivas

---

[3] Ms. Schrader also filed an "Objection to Notice of Appearance" following Mr. Olivas' entry of appearance as counsel for Defendants. (Doc. 20).

replies that there is nothing improper about making properly reported political contributions to a political party or candidate. (Doc. 26 at 2). The Court agrees.

The Tenth Circuit has held that two sources inform a court's decision when considering a motion to disqualify counsel. "First, attorneys are bound by the local rules of the court in which they appear . . . Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law." *United States v. Stiger*, 251 F.App'x 508, 511 (10th Cir. 2007) (quoting *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1383 (10th Cir. 1994). The Court therefore begins its inquiry with both the New Mexico Rules of Professional conduct, which are made applicable to parties in the District of New Mexico by D.N.M.LR-Civ.83.9

The New Mexico rule regarding conflicts of interest states that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." N.M.R.A. 16-107. A concurrent conflict of interest exists when "the representation of one client will be directly adverse to another client; or there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." N.M.R.A. 16-107(1), (2). N.M.R.A. 16-109 mandates the same rule with regard to former clients. *United States v. Gallegos*, 39 F.3d 276, 279 (10th Cir. 1994) ("The crux of these [conflict of interest rules] is that a lawyer should not represent a client whose interests are adverse to those of a present client, or whose interests are adverse to those of a former client on a matter that is substantially related to the previous matter."). The American Bar Association Model Rules of Professional Conduct substantively mirror the New Mexico

rules with regard to conflicts of interest. A.B.A. MODEL RULES of PROF'L CONDUCT R. 1.7, 1.9. Mr. Olivas' representation of Defendants does not violate these rules. Mr. Olivas' representation of Mr. Richardson does not appear to be adverse to the interests of any of the other Defendants. None of the Defendants have objected to Mr. Olivas' representation or suggested that his representation of any Defendant is adverse to the interests of the other Defendants. There is no indication that Mr. Olivas or the Keleher firm has ever represented Ms. Schrader.

The body of federal case law regarding motions to disqualify support Mr. Olivas' position. Ms. Schrader, as the moving party, bears the burden of proving that disqualification is warranted. *Biocore Med. Techs., Inc. v. Khosrwshahi*, 181 F.R.D. 660, 664 (D. Kan. 1998). While the Tenth Circuit has not spoken directly on this issue, the Fifth Circuit Court of Appeals has held that courts must take measures to ensure that unethical conduct does not occur in proceedings before it. *In Re American Airlines*, 972 F.2d 605, 610-11 (5th Cir. 1992); see also *Cole*, 43 F.3d at 1383 (favorably citing American Airlines). The Fifth Circuit later listed several factors to consider when ruling on a motion to disqualify: "(1) the appearance of impropriety in general, or (2) a possibility that a specific impropriety will occur, and (3) the likelihood of public suspicion from the impropriety outweighs any society interests which will be served by the lawyer's continued participation in the case." *F.D.I.C. v. United States Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995). These interests must be balanced against a party's right to their counsel of choice. *Id.* at 1316 (citing *Cossette v. County Style Donuts, Inc.*, 647 F.2d 526, 530 (5th Cir. 1981).

Ms. Schrader has failed to show that the Keleher firm must be disqualified in this case. As stated above, the Keleher firm's representation of the Defendants does not violate

the New Mexico or ABA Model Rules of Professional Conduct with regard to conflicts of interest. Ms. Schrader has not cited, nor has the Court been able to find, any authority stating that a firm's proper political donations precludes said firm from representing the recipient of those donations. Ms. Schrader's sole argument is that the Keleher firm may have received undue consideration from the Richardson administration in the receipt of contracts from the Attorney General's office. Ms. Schrader supports those allegations by stating that a grand jury was convened to consider allegations of impropriety in the tendering of state contracts. (Doc. 25 at 2; Doc. 31 at 2). Such generalized and unsubstantiated claims regarding the relationship between the Keleher firm and the Richardson administration is not sufficient to warrant the disqualification of the firm.[4] To accept Ms. Schrader's argument would mean that the Keleher firm would have to be disqualified from every case in which they represent the New Mexico Attorney General's office. The Court is mindful that disqualification is generally unjustified without "at least the reasonable possibility that some impropriety has actually occurred" and that "attorney disqualification . . . is a sanction that must not be imposed cavalierly." *F.D.I.C.*, 50 F.3d at 1316. Therefore, the Court recommends that Ms. Schrader's motion be denied.

## V.     Recommendation

The Court finds that Ms. Schrader's failed to bring this suit within the applicable

---

[4] Ms. Schrader's reply to Defendants' response provides only one specific instance of purported improper contracting. She states that former New Mexico Senator Roman Maes improperly received a $90,000 no-bid contract from the Richardson administration after Senator Maes had donated $2,000 to Governor Richardson's political action committee, "Richardson For President, Inc." (Doc. 31 at 2; Doc. 31, Ex. A). The Maes contract does not seem to have any bearing on the purported impropriety with regard to the Attorney General's relationship with the Keleher firm.

15

statute of limitations. For that reason, the Court **RECOMMENDS** that Defendants' *Motion to Dismiss*, (Doc. 17) be **GRANTED** and that Ms. Schrader's *Complaint for Damages for Violation of Constitutional Rights and Request for Declaratory and Injunctive Relief*, ('Complaint) (Doc. 1) be **DISMISSED WITH PREJUDICE**.

The Court further **RECOMMENDS** that Ms. Schrader's objection to the order of reference, (Doc. 10), and her motion to disqualify counsel, (Doc. 25), be **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE