# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JANICE L. SCHRADER,

    Plaintiff,

v.                                                                                                                                                          No. CV 10-1219 JB/CG

WILLIAM RICHARDSON a/k/a BILL RICHARDSON, individually and in his official capacity, ARTHUR PEPIN, individually and in his official capacity, KAREN JANES, individually and in her official capacity, SARA JASSO, individually and in her official capacity, PRISCILLA PENA, individually and in her official capacity, HILDA GIRON, individually and in her official capacity, DEBBIE ALMANZA, individually and in her official capacity, STATE OF NEW MEXICO Administrative Office of the Courts,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed May 6, 2011 (Doc. 36)("PFRD"); (ii) Plaintiff Janice L. Schrader's Objections to Proposed Findings and Recommended Disposition, filed May 16, 2011 (Doc. 37)("Objections"); and (iii) the Plaintiff's Motion for Disqualification, filed January 21, 2011 (Doc. 24)("Motion"). The Defendants did not respond to Schrader's objections and the time for doing so has passed. The Court conducted a *de novo* review of the Honorable Carmen E. Garza, United States Magistrate Judge's PFRD to determine the validity of Schrader's objections. See 28

U.S.C. § 636(b)(1).

Schrader objects to the majority of Judge Garza's findings. She contends that she is entitled to a default judgment because the Defendants did not file an answer to her Complaint for Damages for Violation of Constitutional Rights and Request for Declaratory and Injunctive Relief, filed December 20. 2010 (Doc. 1)("Complaint"), but rather filed a Motion to Dismiss, filed January 11, 2011 (Doc. 17). See Objections at 1-2. She objects to Judge Garza's conversion of Defendants' motion to dismiss into a motion for summary judgment. See Objections at 2-3. She objects to Judge Garza's analysis of the statute of limitations and her analysis regarding the propriety of this Court's order of reference. See Objections at 3-5. Finally, she contends that the Defendants and Judge Garza have "conceded" her motion to disqualify the undersigned from adjudicating her case. See Objections at 5-6. The Court finds Schrader's objections lack a sound basis in the law and in the facts of this case. The Court will therefore adopt Judge Garza's PFRD and dismiss Schrader's complaint with prejudice.

## ANALYSIS

Schrader's Objections are without a sound basis in the law and in the facts of this case. The Court therefore overrules her Objections. The Court also denies Schrader's Motion.[1]

---

[1] While Judge Garza did not rely on it in his PFRD, Schrader's claims against the Defendants in their official capacity appear to be barred by the Eleventh Amendment. Schrader also brings claims against them in their individual capacity, so the jurisdictional consideration does not dispose of Schrader's entire action. To the extent that Schrader's claims are barred by the Eleventh Amendment, the Court dismisses her claims without prejudice. See Wauford v. Richardson, No. 11-2034, 2011 WL 2909023, *1 (10th Cir. 200 July 21, 2011)("Wauford's First Amendment claims for money damages against defendants in their official capacities are clearly barred by the Eleventh Amendment and those claims should have been dismissed without prejudice." (citing Korgich v. Regents of N.M. Sch. of Mines, 582 F.2d 549, 550 (10th Cir. 1978)))

**I.      SCHRADER IS NOT ENTITLED TO DEFAULT JUDGMENT.**

Schrader contends that she is entitled to a default judgment against all of the named Defendants, because they failed to file an answer to her complaint.  See Objections at 2. She cites to rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure for the proposition that a defendant must serve an answer to a complaint within twenty-one days of being served.  See Objections at 2. She further cites to rule 55(a), which provides that a party is entitled to a default judgment if the opposing party fails to defend against the suit.  See Objections at 2.  Schrader's claim is without legal support.

Rather than file an answer, the Defendants filed a motion to dismiss Schrader's complaint. Under the Federal Rules of Civil Procedure, filing a motion to dismiss tolls the time to answer a Complaint.  See Fed. R. Civ. P. 12(a)(4)(A); Marquez v. Cable One, Inc., 463 F.3d 1118, 1120 (10th Cir. 2006)("Cable One filed its motion as a Rule 12(b)(6) dismissal motion, however, which clearly does toll the time to answer.").  The time to file an answer continued to be tolled after Judge Garza converted the motion to dismiss into a motion for summary judgment.  See Marquez v. Cable One, Inc, 463 F.3d at 1120-21.  Therefore, unless and until the Court denies the Defendants' motion to dismiss, the Defendants are under no obligation to file an answer.  Schrader is not entitled to a default judgment, because the Defendants have defended against her affirmative claim for relief.

**II.     THE COURT OVERRULES SCHRADER'S OBJECTION TO THE CONVERSION OF THE MOTION TO DISMISS.**

Schrader objects to Judge Garza's conversion of the Defendants' motion to dismiss into a motion for summary judgment.  See Objections at 2-3.  She does not state the basis for her objection, but outlines the applicable standard of review that a court must follow in considering a motion for summary judgment.  See Objections at 2-3.  Judge Garza converted the Defendants' motion to

3

dismiss into a motion for summary judgment because the motion referenced materials outside of the complaint. The conversion was proper. See, e.g., Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010). The Court therefore overrules Schrader's objection.[2]

### III. THE COURT OVERRULES SCHRADER'S OBJECTION TO JUDGE GARZA'S ANALYSIS OF THE STATUTE OF LIMITATIONS ANALYSIS.

Schrader objects to Judge Garza's analysis of when the statute of limitations accrued in her case. See Objections at 3-4. Judge Garza determined that the statute of limitations for claims under both 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, N.M.S.A. 1978, §§ 41-4-2 through 41-4-30 ("NMTCA"), began to run once Schrader became aware of the improper default judgment which forms the basis for this suit. See PFRD at 7-10. In her objections, Schrader does not mention her § 1983 claims or argue that her § 1983 claims were timely. Rather, she focuses solely on the NMTCA claims and states that,

> On November 12, 2010, the Plaintiff submitted a Notice of Intent to sue under the New Mexico Tort Claim Act . . . . The Plaintiff submitted the claim under the [NMTCA] after being informed the Default Judgment is affecting the Plaintiff's credit history and the Plaintiff will receive a . . . writ of garnishment of income for failure to pay the court mandated $5,042 Dollars. The time to toll the statute Limitations for the New Mexico Tort Claim Act began on November 12, 2010, the date the Plaintiff submitted a Notice of Intent to Sue . . .

Objections at 3. Schrader's arguments lack a sound basis in the applicable law.

The statute of limitations for a claim under the NMTCA is two years from the applicable injury giving rise to the suit. See N.M.S.A. 1978 § 41-4-15. The statute of limitations begins to run "when [the plaintiff] understands the nature of his or her injury, that is, when the plaintiff knows or

---

[2] The Court notes that it may have taken judicial notice of the material rather than converting the motion to dismiss to a summary judgment motion. Nonetheless, Judge Garza provided Schrader notice and an opportunity to supplement the record. The conversion was therefore proper. Moreover, the conversion did not appear to prejudice Schrader.

with reasonable diligence should have known of the injury and its cause." Maestas v. Zager, 141 N.M. 154, 161, 152 P.3d 141, 148 (2007). As Judge Garza noted, there is no doubt that Schrader was aware of the improper default judgment by October 1, 2007, mere days after the default judgment had been entered. See PFRD at 8; Doc. 23 at 5. The Honorable Daniel Viramontes, New Mexico State District Court Judge's remand order of December 5, 2007, further placed Schrader on notice of any potential claims she might have had against the district court defendants. See PFRD at 9. Because Schrader became aware of the harm on those specific dates, that is when the statute of limitations began to run. This federal suit, which was brought over three years after the entry of the default judgment and Judge Viramontes' order, was untimely.

Schrader's contention that the limitations period only began to run after she received notice that the default judgment was supposedly damaging her credit and insurance rates is incorrect. The Supreme Court of New Mexico has held that an action under the NMTCA will accrue "regardless of whether or not the plaintiff is aware of the full extent of his or her injury . . . . It is not required that all the damages resulting from the negligent act be known before the statute of limitations begins to run." Maestas v. Zager, 141 N.M. at 161, 152 P.3d at 148 (quoting Bolden v. Village of Corrales, 111 N.M. 721, 722, 809 P.2d 635, 636 (Ct. App. 1990)) (internal quotation marks omitted). The initial injury giving rise to the suit was the entry of the default judgment and Judge Viramontes' handling of her case on appeal. Whether additional financial harms developed subsequent to the entry of the default judgment is immaterial to the accrual issue. The Court therefore concurs with Judge Garza that Schrader's claims are time-barred. The Court therefore overrules Schrader's objections.

## IV. THE COURT OVERRULES SCHRADER'S OBJECTION TO ORDER OF REFERENCE.

Schrader objects to Judge Garza's analysis with regard to the propriety of this Court's order of reference. See Objections at 4-5. Schrader contends that Chief United States District Judge Martha Vázquez' withdrawal of Administrative order no. 94-143 precludes the Court from referring cases to Magistrate Judges for recommendations and analysis. See Objections at 4-5. As Judge Garza noted, however, the administrative order Judge Vázquez withdrew covered only bankruptcy appeals, social security appeals, and prisoner cases. See PFRD at 11. Schrader's case does not fit within any of those categories and therefore the withdrawal of the administrative order did not preclude the Court from referring the case to Judge Garza.

More importantly, the Court's authority to refer cases to Magistrate Judges derives from a Congressional statute. See 28 U.S.C. § 636(b)(1)(B). Even if the withdrawn administrative order had covered Schrader's case, the effect of the withdrawal would mean only that there was no specific administrative order covering orders of reference. In the absence of such an order, the district judges would rely only on the text of the relevant statute -- 28 U.S.C. § 636. The statute unambiguously provides that a district judge may designate a magistrate judge to submit proposed findings and fact and a recommended disposition, as it did in this case. See 28 U.S.C. § 636(b)(1)(B).

Schrader further argues that, under the text of the statute, Magistrate Judges are not permitted to file reports and recommendations with regard to motions to dismiss or motions for summary judgment. See Objections at 4. The opposite is true. Under 28 U.S.C. § 636(b)(1)(A), a United States district judge may not designate a Magistrate Judge to rule on, inter alia, a motion to dismiss or a motion for summary judgment. See 28 U.S.C. § 636(b)(1)(A). Section 636(b)(1)(B), however,

6

states that a district judge "may designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion <u>excepted</u> in subparagraph (A)." 28 U.S.C. § 636(b)(1)(B) (emphasis added). The Court's order of reference was therefore entirely proper and the Court overrules Schrader's objection.

## V.     **<u>THE COURT WILL DENY SCHRADER'S MOTION TO DISQUALIFY</u>**.

Schrader contends that the Court's impartiality in this case can reasonably be questioned because of the Court's contacts with several of the defendants and the offices in which they have been employed. Schrader claims that the Court's participation in the case would violate the judicial code of conduct and 28 U.S.C. § 455(a).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid the mere appearance of partiality on the part of a judge. See <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 860 (1988). The United States Court of Appeals for the Tenth Circuit has held that, pursuant to § 455(a), the Court is not required to accept all factual allegations contained in a motion to disqualify as true. See <u>Hinman v. Rogers</u>, 831 F.2d 937, 939 (10th Cir. 1987). Rather, "the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." <u>Hinman v. Rogers</u>, 831 F.2d at 939. This an objective standard and the inquiry is limited to outward indications of supposed impropriety and any reasonable inferences that can be drawn therefrom. See <u>United States v. Cooley</u>, 1 F.3d 985, 993 (10th Cir. 1993). Recusal is not warranted if the request is based on "unsupported, irrational, or highly tenuous speculation." <u>Hinman v. Rogers</u>, 831 F.2d at 839; <u>United States v. Cooley</u>, 1 F.3d at 993 ("The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."). While a judge has an obligation to recuse himself or herself from a case where his or her

7

impartiality might reasonably be questioned, "[t]here is as much obligation for a judge not to recuse when there is no occasion to do so . . . ." United States v. Cooley, 1 F.3d at 993.

Schrader believes that the Court's impartiality can be questioned because Judge Browning used to be employed as a Deputy Attorney General for the State of New Mexico and one of the Defendants, Arthur Pepin, is also a former Deputy Attorney General. See Motion at 3. Schrader's motion is also based on a letter Judge Browning wrote to the parties and parties' counsel in a case titled Kizzar v. New Mexico, Civ. 08-1037 JB/CG. In Kizzar v. New Mexico, the Plaintiff was suing, among others, Governor Bill Richardson. In the letter, the Court explained that, while working as a Deputy Attorney General in New Mexico, Judge Browning had some contact with Richardson's office while he was serving as a Congressman. The Court does not recall ever speaking with Richardson, although he did introduce Judge Browning at a Governor's prayer breakfast once. The Court further explained that, while it did not know Richardson personally, they share a common friend -- Paul Bardacke, who was Richardson's attorney. The Court conveyed to the parties that it did not believe that these contacts required it to recuse itself and that it felt certain it could rule fairly and impartially. None of the parties objected to the Court's participation in the case. Much as in Kizzar v. New Mexico, the Court believes it can be fair and impartial in this case and it do not believe that it is required to recuse or should recuse under 28 U.S.C. § 455.

With regard to Mr. Pepin, the Court does not believe Judge Browning has ever met him and their time at the New Mexico Attorney General's Office did not overlap. Judge Browning was a Deputy Attorney General from 1987-88, and to the Court's knowledge Mr. Pepin was not employed by the Attorney General's office at that time. The Court does not believe a reasonable person would harbor doubts about the Court's impartiality based on the mere fact that Mr. Pepin and Judge Browning were both employed as Deputy Attorneys General at different times. It is well settled that

shared membership in a professional or ecclesiastical organization with one of the parties is not sufficient to require recusal. See Bryce v. Episcopal Church in the Diocese of Colo., 289 F.3d 648, 660 (10th Cir. 2002). In Bryce v. Episcopal Church in the Diocese of Colorado, the trial judge was a member of the Episcopal Church in the diocese of Wyoming, while the plaintiff was suing the Episcopal Church in the diocese of Colorado. See Bryce v. Episcopal Church in the Diocese of Colo., 289 F.3d at 660. The Tenth Circuit held that, without any other indication of impropriety, mere associational basis by virtue of group membership was insufficient to require recusal. See Bryce v. Episcopal Church in the Diocese of Colo., 289 F.3d at 660 ("The facts pleaded will not suffice to show the personal bias required by the statute if they go to the background and associations of the judge rather than to his appraisal of a party personally." (quoting Pennsylvania v. Local Union 542, Int'l Union of Operating Eng'rs, 388 F.Supp. 155, 159 (E.D. Pa. 1974))); Maez v. Mountain States Tel. And Tel., Inc., 54 F.3d 1488, 1508 (10th Cir. 1995).

Neither does the Court believe it should recuse itself because of brief encounters with Richardson. Limited professional interactions do not reasonably lead to an inference of bias or partiality. See United States v. Guthrie, 181 F. App'x 804, 807 (10th Cir. 2006)(finding that a Magistrate Judge need not have recused himself when asked to approve a search warrant for a house belonging to the parents of a former client and stating that, while "Magistrate Judge Lubing was casually acquainted with Clinton and Deborah Guthrie . . . [,] [m]ere acquaintance does not require recusal . . ."); David v. City and Cnty. of Denver, 101 F.3d 1344, 1350-51 (10th Cir. 1996)(holding that infrequent professional contacts between a district judge and several defendants was insufficient to mandate recusal). The Court has have never spoken directly with Richardson. Judge Browning

and Richardson do not socialize and Judge Browning has not been to his home.[3]  Their personal interactions were limited to the one instance in which Richardson introduced Judge Browning.  The Court does not believe that its ability to be impartial and fair in this case can reasonably be questioned based on the allegations contained in Schrader's Motion.  The Court therefore declines to recuse itself and will deny Schrader's Motion.  Schrader did not object to Judge Garza's recommendation that the Court deny her Motion for Disqualification of Sean Olivas of Keleher & Mcleod as Counsel for the Defendants, filed January 28, 2011 (Doc. 25), and therefore waives

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed May 6, 2011 (Doc. 36), is adopted by the Court; (ii) Plaintiff Janice L. Schrader's Objections to Proposed Findings and Recommended Disposition, filed May 16, 2011 (Doc. 37), are overruled; (iii) the Plaintiff's Motion for Disqualification, filed January 21, 2011 (Doc. 24), is denied; (iv) the Plaintiff's Motion for Disqualification of Sean Olivas of Keleher & Mcleod as Counsel for the Defendants, filed January 28, 2011 (Doc. 25), is denied; (v) the Defendants' Motion to Dismiss, filed January 11, 2011 (Doc. 17), is granted; and (vi) the Plaintiff's Complaint for Damages for Violation of Constitutional Rights and Request for Declaratory and Injunctive Relief, filed December 20. 2010 (Doc. 1), is dismissed.  The Court dismisses all claims against Defendants William Richardson, Arthur Pepin, Karen Janes, Sara Jasso, Priscilla Pena, Hilda Giron, and Debbie Almanza in their official capacity and all claims against the State of New Mexico Administrative Office of the Courts without prejudice.  All other claims are dismissed with prejudice.

---

[3] Judge Browning has been to the Governor's Mansion, but not while Richardson was Governor.

                                                        _____

                                                  UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Janice L. Schrader
Columbus, New Mexico

      *Plaintiff pro se*

Sean Olivas
Keleher & McLeod PA
Albuquerque, New Mexico

*Attorneys for the Defendants*